IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN SCHRAGE,<br><br>Plaintiff,<br><br>vs.<br><br>HRISTOS V. KALTSAS,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**JOINT ANSWERS TO RULE 26.03 INTERROGATORIES** |

Plaintiff John Schrage ("Plaintiff") and Defendant Hristos V. Kaltsas, ("Defendant") responds to Local Civil Rule 26.03, as follows:

1. A short statement of the case.

**RESPONSE:**

**This lawsuit arises out of an automobile accident that occurred on February 15, 2024 on U.S. Highway 17 in Charleston County, South Carolina. Plaintiff alleges that Defendant Hristos V. Kaltsas was making a turn across the northbound lanes of U.S. Highway 17, and failed to yield to the right-of-way to Plaintiff's vehicle, resulting in a collision and causing Plaintiff bodily injuries.**

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

**1) John Schrage**

**It is expected that this witness will testify as to the facts and circumstances surrounding the accident.**

**2) Hristos V. Kaltsas**

**It is expected that this witness will testify as to the facts and circumstances surrounding the accident.**

**3) Investigating Officer C. Ford**

**The investigating officer, C. Ford, who reported to the scene of the accident, is expected to testify as to his investigation of the accident.**

**The parties reserve the right to call any additional witnesses identified by any party through the course of discovery to testify at trial of this case, including any expert identified by Plaintiff and/or other Defendants. Further, the parties are presently pursuing discovery and investigation of the facts relating to this case and has not completed discovery or preparation of trial. The parties reserve the right to supplement this Answer consistent with the Federal Rules of Civil Procedure.**

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field expertise should be given as to experts likely to be offered.)

**RESPONSE:**

**The parties have not retained expert witnesses in this matter at this time. The parties reserve the right to elicit testimony from experts named by other parties and also reserve the right to elicit testimony from lay witnesses regarding their field expertise and/or the scope of their investigation.**

4. A summary of the claims or defenses with statutory and/or case citations supporting same.

**PLAINTIFF'S RESPONSE:**

**Plaintiff alleges both negligence *per se* and negligence. Under South Carolina law, negligence *per se* requires a showing that "a party violated a statute which has the essential purpose of protecting persons such as the injured party from the kind of harm suffered." *Gulledge v. McLaughlin*, 492 S.E.2d 816, 819 (S.C. Ct. App. 1997). Drivers turning left in South Carolina are required to yield the right-of-way to vehicles approaching from the opposite direction. S.C. Code Ann. § 56-5-2320 (a scrivener's error in the complaint cites to § 56-5-2330(b)). To prove negligence, a Plaintiff must establish "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty." *Vinson v. Hartley*, 477 S.E.2d 715, 720 (S.C. Ct. App. 1996).**

**DEFENDANT'S RESPONSE:**

**In response to Plaintiff's Complaint, this Defendant has raised the following defenses: all rights under S.C. Code Ann. § 15-38-15 based upon comparative negligence, improper**

**imposition of punitive damages, and limitation on punitive damages pursuant to S.C. Code Ann. § 15-32-530.**

**The parties reserve the right to supplement this response as discovery progresses pursuant to the Federal Rules of Civil Procedure.**

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

(a) Exchange of Fed. R. Civ. P. 26(a) expert disclosures; and
(b) Completion of discovery.

**RESPONSE:**

**(a) Plaintiff, March 16, 2025; Defendant April 13, 2025 – as set forth in the Proposed Amended Scheduling Order.**
**(b) May 13, 2025 – as set forth in the Proposed Amended Scheduling Order.**

6. The parties shall inform the Court whether special circumstances that would affect the time frames applied in preparing the scheduling order.

**RESPONSE:**

**None at this time.**

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE:**

**Not applicable.**

[SIGNATURES ON FOLLOWING PAGE]

| **PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|
| MORGAN & MORGAN<br><br>*s/Jonathan D. Graham*<br>Jonathan Graham: 13969<br>4401 Belle Oaks Drive, 3rd Floor<br>North Charleston, South Carolina 29405<br>Telephone: (843) 947-6063<br>Facsimile: (843) 947-6113<br>Email: jgraham@forthepeople.com<br><br>**ATTORNEYS FOR PLAINTIFF** | WILLSON JONES CARTER & BAXLEY, P.A.<br><br>*s/ G. Troy Thames*_________________<br>G. Troy Thames (FED ID No.: 07713)<br>Brian P. Hubacher (FED ID No.: 14287)<br>4922 O'Hear Avenue, Suite 301<br>North Charleston, SC 29405<br>Telephone: (843) 284-0832<br>Facsimile: (843) 606-3300<br>Email: tthames@wjcblaw.com<br><br>**ATTORNEYS FOR DEFENDANT** |
| *September 17, 2024* | *September 18, 2024* |