**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **John Schrage,** | ) | **Case No.: 2:24-CV-4382** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **PLAINTIFF'S REPLY TO ORDER FOR STATUS REPORT AND REQUEST FOR STATUS CONFERENCE** |
| | ) | |
| **Hristos V Kaltsas** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

On August 18, 2026, the Court ordered the parties file a joint status report no later than August 20, 2026. (ECF # 39). On August 19, 2026, Plaintiff's counsel emailed the Court requesting a status conference and was directed to file his request electronically. This filing follows.

Defendant's counsel has indicated his intent to move for the exclusion of certain medical bills and records which Plaintiff's counsel produced after the discovery deadline had passed. Plaintiff's counsel does not believe exclusion is warranted in this situation. If, however, the Court is inclined to grant the exclusion, Plaintiff's counsel intends to seek the Court's leave to enter a new scheduling order or to dismiss the case pursuant to Rule 41.

Defendant Kaltsas's primary insurance carrier initially retained Mr. Brian Hubacher as defense counsel. Mr. Hubacher and Plaintiff's counsel exchanged initial discovery requests and responses, at which time Plaintiff's counsel identified approximately $33,000 in medical costs and provided the medical records and bills that Plaintiff's counsel had in his possession. At the same time, Plaintiff's counsel disclosed a life-care planner, Dr. Paul White, who indicated that

Mr. Schrage's future medical costs resulting from this crash would exceed $500,000. Plaintiff's counsel also later provided some additional treatment documents and billing informally to Mr. Hubacher, bringing the medical total up to at least $41,000. Admittedly, Plaintiff's counsel did not formally supplement the interrogatories and document production.

After the primary carrier tendered its limits, Defendant's current counsel, Matthew LaFave, was retained by the excess carrier. At that time, Plaintiff's counsel believed that Plaintiff's counsel had provided all further additional bills and records to Mr. Hubacher accompanying an offer to settle the case, which was the offer the primary carrier ultimately accepted. Plaintiff's counsel is reviewing his emails further and seeking emails which may be retained on the firm's server; Plaintiff's counsel has not yet been able to confirm.

Plaintiff's counsel's recollection of prior conversations with Defendant's current counsel is that current counsel was aware of approximately $50,000 in bills. Prior to mediation, Plaintiff's counsel sent Defendant's counsel a summary of our position, the medical bills on file, and an offer to resolve the case. Plaintiff's counsel also included surgical estimates that Plaintiff's counsel had recently received from Mr. Schrage's doctors. In response, Defendant's counsel advised he had only approximately $33,000 in bills in his file. Plaintiff's counsel then provided Defendant's counsel with a link to all the medical records and bills Plaintiff's counsel has on file. It was at this point that Defendant's counsel indicated that he had not received those documents prior to the discovery deadline. As this was prior to mediation, Plaintiff's counsel responded that if Defendant's counsel intended to file a motion to exclude the documents, Plaintiff's counsel would like to ask the Court for a status conference to address the issue so that mediation could be more productive. Plaintiff's counsel did not receive a response.

The parties had originally scheduled mediation in this case for August 14. After filing the previous status report, Defendant's counsel notified Plaintiff's counsel that he had overlooked a conflict on August 14, and Plaintiff's counsel agreed to move mediation to the immediately following Monday, August 17, to accommodate. The parties did mediate the case, albeit unsuccessfully, and Plaintiff's counsel believes the mediator provided proof of mediation this morning. After mediation, Defendant's counsel indicated that he would be moving to exclude the late-produced documents, as well as the new surgical estimates, because the documents were produced after the discovery deadline.

Plaintiff's counsel's position is that exclusion is not warranted because the failure to supplement was inadvertent, not willful, and the documents do not create surprise or prejudice to Defendant. The disclosed documents and bills relate either to past treatment of which the defense was aware or to future treatment that was already contemplated in the previously produced life-care plan. The documents do not identify new treating providers or a new procedure that Plaintiff Schrage has undergone, but instead only relate to treatment at providers identified in the initial discovery responses, at deposition, and in the life-care plan. The surgical estimates specifically did not exist until recently and were not generated at Plaintiff's counsel's request; Plaintiff's counsel did provide copies of those as soon as Plaintiff's counsel received them, but Plaintiff's counsel received them after the discovery deadline had already passed. The estimates all relate to the shoulder surgery documented in the life-care plan.

Plaintiff's counsel asks the Court to schedule a status conference at which to discuss the issues above.

[*Signature Page to Follow*]

**MORGAN & MORGAN, P.A.**
By: /s/Jonathan Graham
Jonathan D. Graham
State Bar No. 105763
Federal Bar No. 13969
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*

Charleston, SC

August 19, 2026.