**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br><br>v.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Case No. 2:24-4382-RMG<br><br><br>**ORDER** |

The Court conducted a status conference with counsel on August 21, 2026 to address a discovery dispute that has recently arisen in this case. Plaintiff produced various medical records and bills totaling approximately $33,000 early in the litigation through responses to discovery. Plaintiff also produced at that time a life care plan which projected future expenses and losses totaling $500,000. Plaintiff's counsel subsequently submitted to Defendant's counsel an additional record regarding a medical procedure and an associated bill in excess of $8,000 but did not formally supplement Plaintiff's discovery responses with these new records.

In February 2026, the Defendant's primary insurance carrier tendered its policy limits and an excess carrier then appeared and replaced counsel. The new counsel requested that the Defendant's original counsel provide all discovery he had received. Defendant's first counsel apparently did not provide the replacement counsel with the medical record and the associated bill of $8,000 that was produced informally to him by Plaintiff's counsel.

Shortly before the mediation in this case (and after the expiration of discovery under the scheduling order), Plaintiff's counsel mentioned to Defendant's counsel that the medical bills in the case totaled $53,000. Defense counsel indicated that he had received only $33,000 in medical bills. This led to the untimely production by Plaintiff of additional medical records and bills covering the full $53,000 claimed. These newly produced records included a hospital record which

referenced a previous shoulder surgery. One of Plaintiff's claims in this action relates to a shoulder injury, raising the question of whether Plaintiff had a preexisting injury in that same shoulder.

**I. Legal Standard**

Defendant has asserted that Plaintiff should be prevented from producing the late produced medical bills as a sanction under Federal Rule of Civil Procedure 37(c)(1). A sanction is not appropriate where a late disclosure is substantially justified or the late disclosure is "harmless." It is well settled that a trial court should review any late production of documents for possible sanction under the following conditions:

1. The surprise to the opposing party;
2. The ability of the party to cure that surprise;
3. The extent to which allowing the late produced evidence would disrupt the trial;
4. The explanation for the party's failure to timely disclose; and
5. The importance of the evidence.

*Southern States Rack and Fixture, Inc. v. Sherwin-Williams Company*, 318 F.3d 592, 596 (4th Cir. 2003).

**II. Discussion**

Defense counsel acknowledges that the late production of the full medical bills had no impact on his carrier's evaluation of the value of the case. Defense counsel did express concern, however, regarding the late production of records that referenced a previous shoulder surgery. He asks to cure any prejudice to his client by the late disclosure of medical records by reopening the deposition of the Plaintiff for the limited purpose of addressing any prior shoulder surgery. Defense counsel further seeks authorization to issue subpoenas and to conduct, if necessary, further discovery on the earlier shoulder surgery.

The Court finds that Defendant's request to reopen Plaintiff's deposition for the limited purpose of inquiring about any prior shoulder surgery and to conduct any further discovery that might be necessary on the prior shoulder surgery to be reasonable under the circumstances. Plaintiff is directed to promptly submit to a reopened deposition. Defendant should also immediately pursue any prior medical records and conduct any further discovery that is necessary related to any previous shoulder surgery.

The Court finds it unnecessary at this time to impose any sanction for what appears to have been the inadvertent late disclosure of certain records. The late disclosure of the medical bills appears to be harmless, and the reopened discovery appears to cure any prejudice from the delay in disclosure of the late produced medical records. The Court will hold in abeyance a decision on whether to continue the trial scheduled to begin on September 14, 2026 pending a report from Defendant whether sufficient information has been gathered through discovery to address the previous shoulder surgery.

**III. Stipulations of the Parties**

The Court discussed with counsel at the August 21, 2026 hearing what issues remain in contest. Plaintiff's counsel advised the Court that his client will not pursue a claim for punitive damages. Defense counsel advised the Court that his client will not contest liability and the only issue at trial will be the amount of damages.

**IV. Conclusion**

Based on the foregoing, Defendant's motion to impose sanctions on Plaintiff for the late disclosure of records under Rule 37(c)(1) is denied. Defendant is authorized to reopen Plaintiff's deposition and to conduct further discovery, as needed, on the issue of Plaintiff's prior shoulder surgery. The decision whether or not to continue the case beyond the September 14, 2026 trial

date will be held in abeyance pending additional information from Defendant. Finally, Plaintiff stipulates to the dismissal of his punitive damage claim and Defendant stipulates that he does not contest liability.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

August 21, 2026
Charleston, South Carolina