IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

John Schrage,

Plaintiff,

vs.

Hristos V. Kaltsas,

Defendant.

Civil Action No.: 2:24-cv-4382-RMG

**LOCAL RULE 26.05 PRETRIAL BRIEF ON BEHALF OF DEFENDANT**

COMES NOW DEFENDANT, by and through his undersigned counsel, who hereby submits the following pretrial brief pursuant to local rule 26.05:

A. The name of each attorney and identification number, and the full name of each firm handling the case.

**Matthew C. LaFave**
**I.D. No. 10317**

**Alyssa Burleson**
**I.D. No. 14518**

**LaFave Bagley, LLC**
**2019 Park Street**
**Columbia, South Carolina 29021**

B. A list of any motions still pending.

**<u>RESPONSE</u>: The Defendant's Motion *in Limine* [Dkt ].**

C. A brief concise statement of the facts upon which each claim or defense is based.

**<u>RESPONSE</u>: Liability in this case is not in dispute rather the crux of the dispute centers on the nature and extent of Plaintiff's injuries and damages, including the claimed future medical treatment set forth in Plaintiff's life care plan.**

D. Additional legal authorities upon which each claim or defense is based not listed in the Fed. R. Civ. P. 26(f) report to the Court. *See*, Local Civil Rule 26.03(A)(4)

E. Any unusual questions of law concerning admission of evidence or procedure likely to arise in the trial of the case.

F. Whether the possibility of a compromise settlement has been discussed and explored with opposing counsel. State specifically whether an offer has been made and the position of each party as to settlement; if no attempt to settle has been made, state the reasons. If nonjury, counsel should not disclose settlement negotiations.

**RESPONSE: The parties conducted mediation of this case on August 17, 2026 and continue to engage in discussions to determine of a compromise settlement can be achieved.**

G. The names of the witnesses expected to be called and a summary of their anticipated testimony. Whether the exclusion of a witness or witnesses is requested pursuant to Federal Rule of Evidence 615. If no request is made herein, it shall be deemed waived.

**RESPONSE: Defendant does not intend to call any witnesses.**

**Pursuant to Rule 615, FRE, the Defendant requests that all non-party witnesses be sequestered during the trial.**

H. The damages claims should be set forth in detail, including, but not necessarily limited to:

(1) Where permanent injuries are claims, their nature must be described with particularity, and plaintiff's life expectancy must be given. Attach copies of medical reports and doctors' statements where available;

(2) Special damages claimed must be specified in detail. Thus, in personal injury cases, medical nursing, hospital, and similar expenses should be itemized by giving the names of persons and institutions and the amount

paid to or owing each. If property damage is claimed, state the cost of repairs and names of persons making them; or, if incapable of repair, the value of the property immediately before the accident and immediately afterwards;

(3) If loss of earnings or profits is claimed, state the amount, the manner of computation, the period for which loss is claimed, and the name of employer, if applicable;

(4) In death cases, state the age, employment, rate of earnings, marital status, and life expectancy of deceased; also, the names, ages, and the relationship of the dependents;

(5) The defendant should specify its position concerning damages.

**RESPONSE: Defendant contends that much of Plaintiff's treatment relate to pre-existing conditions. Further, Defendant submits, consistent with his Motion *in Limine*, Plaintiff's life care plan and/or any reference to future medical treatment is inadmissible as Plaintiff has failed to identify an economist as an expert witness thus Plaintiff cannot reduce the future medical costs to present day value.**

I. Where a contract or a writing is involved:

(1) If a written contract or a writing is involved, a copy should be furnished to the Court, and the portions in controversy particularized, with a statement as to the claimed construction thereof, and performance or nonperformance thereof, or obligation in connection therewith;

(2) If the contact is oral, its substance should be given; and where there is a dispute concerning its terms, the controverted terms should be specified and the same issues covered as above mentioned as to written contracts.

**RESPONSE: This inquiry is not applicable to this case.**

J. Where the relief sought is not covered by (H) above or is in addition thereto, state the nature of the relief sought and the reason(s) such relief should or should not be granted.

**RESPONSE: This inquiry is not applicable to the Defendant.**

K. Counsel's best estimate of time required for trial.

**RESPONSE: The undersigned anticipates trial to take one (1) to two (2) days.**

L. Any special matter to which the Court's attention is sought or required.

**RESPONSE: The undersigned is unaware of any special matter presently requiring the Court's attention nor is counsel seeking attention of the Court on any special matter aside from Motion *in Limine* [Dkt ]**

M. Any reason why the case cannot be tried at the term for which it is set for trial.

**RESPONSE: Defendant is ready for trial as scheduled.**

N. The final list of exhibits intended to be used in the trial of the case with any objections noted. This list shall be served on all opposing counsel.

**RESPONSE: Defendant does not anticipate admitting any exhibits at this time. Defendant reserves the right to introduce evidence that may be solely for the purpose of impeachment.**

O. Counsel's request for voir dire questions (*see* Local Civ. Rule 47.04) and request for jury instructions. Copies of the requests for voir dire questions shall be served on opposing counsel. If the request for voir dire are not submitted seven (7) days prior to the selection of the jury, counsel shall be deemed to have waived the right to submit voir dire questions, unless made necessary by events at trial.

**RESPONSE: The undersigned respectfully requests the following voir dire questions:**

1. **Is any member of the jury panel a social acquaintance or relative of John Schrage or any member of their immediate family?**

2. **Is any member of the jury panel a social acquaintance or relative of Hristos Kaltsas or any member of their immediate family?**

3. **Is any member of the jury panel or his/her immediate family a current or past employee of Nexans?**

4. **Has any member of the jury panel or his/her immediate family suffered from injuries related to a motor vehicle accident?**

5. **Has any member of the jury panel or his/her immediate family been a party to a lawsuit as a result of a motor vehicle accident?**

6. **Has any member of the jury panel or his/her immediate family ever pursued a claim resulting from a motor vehicle accident?**

7. **Is any member of the jury panel a current or former patient, social acquaintance, relative of Dr. Adam C. Schaaf, or employed by Lowcountry Orthopaedics & Sports Medicine?**

8. **Is any member of the jury panel a current or former patient, social acquaintance, relative of Dr. Jason Highsmith, or employed by Carolina Neurosurgery and Orthopedics?**

9. **Does any member of the jury panel, as their primary job responsibility, drive a motor vehicle.**

10. **Does any member of the jury panel believe someone is entitled to receive money simply because they were involved in a motor vehicle accident?**

RESPECTFULLY SUBMITTED,

*s/Matthew C. LaFave*

Matthew C. LaFave, Fed. ID No. 10317
LAFAVE BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.724.5727 (office)
803.790.8841 (fax)

***ATTORNEY FOR DEFENDANT***

This 31st day of August 2026
Columbia, South Carolina