IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**DEFENDANT'S REQUESTED JURY CHARGES** |

Defendant, Hristos V. Kaltsas, [hereinafter referred to as "Defendant's] submit the following proposed jury charges. Defendants reserve the right to submit additional proposed charges during the course of the trial based upon the issues that arise at trial.

RESPECTFULLY SUBMITTED,

*s/Matthew C. LaFave*
Matthew C. LaFave, Fed. ID No. 10317
LAFAVE BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.724.5727 (office)
803.790.8841 (fax)

***ATTORNEY FOR DEFENDANT***

This 31st day of August 2026
Columbia, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT** |

**Defendant's Request to Charge No. 1**

I charge you that Plaintiff, to establish a cause of action for negligence, must prove the following four elements: (1) a duty of care owed by Defendant to the Plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to Plaintiff; and (4) damages proximately resulted from the breach of duty.

*Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002) (*citing Bloom v. Ravoira*, 339 S.C. 417, 422, 529 S.E.2d 710, 712 (2000)).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

John Schrage,

Plaintiff,

vs.

Hristos V. Kaltsas,

Defendant.

Civil Action No.: 2:24-cv-4382-RMG

**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT**

**Defendant's Request to Charge No. 2**

I charge you that "[i]t is elementary that in order for the Plaintiff to recover, it is necessary for the Plaintiff to prove that the injury was the proximate result of some negligent conduct on the part of Defendants. This must be proved by preponderance of the evidence and cannot be left to surmise, speculation or conjecture."

*Ellis v. Oliver*, 323 S.C. 121, 473 S.E.2d 793 (1996); and
*Hunsucker v. State Hwy. Dept*., 189 S.E. 652 (1937).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT** |

**Defendant's Request to Charge No. 3**

I charge you that "the general principle applies that where the cause of the plaintiff's injury may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, plaintiff has failed to carry the burden of establishing that [his] injuries were the proximate result of Defendant's negligence."

*Messier v. Adicks*, 161 S.E.2d 845 (1968); and
*Mellen v. Lane*, 377 S.C. 261, 659 S.E.2d 236 (Ct. App. 2008).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT** |

**Defendant's Request to Charge No. 4**

You have heard evidence that Plaintiff received treatment or care from various sources. I charge you that in reference to these treatments, the burden is on Plaintiff to show that the treatment he received was reasonably necessary for proper treatment of his injuries and that the charges made for such treatment were reasonable. In this respect, I further charge you that if Plaintiff failed to meet the burden of proof in proving that the treatment he received was reasonably necessary for proper treatment of her injuries or if the Plaintiff has failed to meet the burden of proof in proving that the charges made for such treatment were reasonable in amount, you should disregard evidence of the cost of such treatment and not consider the same should you render a verdict for the Plaintiff.

12 ALR3d 1347.
*Sossaman v. Nationwide Mutual Insurance Company,* 135 S.E. 2d 87 (S.C., 1964)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT** |

**Defendant's Request to Charge No. 5**

If you determine that the defendant is liable for the plaintiff's injuries, you must then determine the amount of damages to be awarded to the plaintiff.

Actual damages are to compensate the plaintiff for the plaintiff's injuries or loss and to put the plaintiff, as near as possible, in the same position that the plaintiff was in before the incident occurred. In other words, actual damages would be the actual losses and expenses which the plaintiff has suffered because of the defendant's negligence. This amount may include damages for:

- pain and suffering;
- mental anguish, mental distress and anxiety;
- loss of enjoyment of life or alteration of lifestyle;
- impairment of health or physical condition; and
- medical expenses.

Medical expenses include costs for physicians, hospital, medicine, physical therapy, and rehabilitation. An award for medical expenses is controlled by what the services were reasonably worth and not by what was actually paid or contracted to be paid.

The plaintiff bears the burden of proving these elements by the preponderance, or greater weight, of the evidence. In addition, the plaintiff must prove that the expenses caused by the injury were both necessary and reasonable.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT** |

**Defendant's Request to Charge No. 6**

Evidence presented as to Plaintiff's damages must be sufficient to enable the factfinder to make a determination with reasonable certainty or accuracy. Neither the existence, causation, nor amount of damages can be left to conjecture, guess or speculation.

*Carlyle v. Tuomey Hosp.*, 305 S.C. 187, 193, 407 S.E.2d 630, 633 (1991); and
*Gray v. Southern Facilities, Inc.*, 256 S.C. 558, 183 S.E.2d 438 (1971).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT** |

**Defendant's Request to Charge No. 7**

To recover for future medicals Plaintiff must show that they are reasonably certain to occur in the future as a result of those injuries proven to have proximately resulted from the negligent acts or omissions of Defendant, if any, and the existence or amount of such damages cannot be left to surmise, conjecture, or speculation. In other words, damages can be recovered only if there is "[a] greater than 50% chance that a future consequence will occur.

*Pearson v. Bridges*, 344 S.C. 366, 544 S.E.2d 617 (2001);
*Haltiwanger v. Barr*, 258 S.C. 27, 186 S.E.2d 819 (1972); and
*Ray v. Lesniak*, 294 F.Supp.3d 466 (D.S.C. 2018).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT** |

**Defendant's Request to Charge No. 8**

Any future or prospective damages must be reduced to their present cash value.

*Grimsley v. Atlantic Coast Line R. Co.*, 189 S.C. 251, 1 S.E.2d 157 (1939).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

John Schrage,

Plaintiff,

vs.

Hristos V. Kaltsas,

Defendant.

Civil Action No.: 2:24-cv-4382-RMG

**REQUESTS TO CHARGE ON BEHALF OF DEFENDANT**

**Defendant's Request to Charge No. 9**

When the testimony of an expert witness is relied upon to establish a causal connection of negligence to the injury, the proper test to be applied is that the expert must, with reasonable certainty, state that in his professional opinion the injuries complained of most probably resulted from the alleged negligence of the defendant.

*Armstrong v. Weiland*, 267 S.C. 12, 225 S.E.2d 851 (1976);
*Gambrell v. Burleson*, 252 S.C. 98, 165 S.E.2d 622 (1969); and
*Cross v. Concrete Materials*, 236 S.C. 440, 114 S.E.2d 828 (1960).