IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Schrage,<br><br>Plaintiff,<br>vs.<br><br>Hristos V. Kaltsas,<br><br>Defendant. | Civil Action No.: 2:24-cv-4382-RMG<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF FUTURE MEDICAL TREATMENT** |

COMES NOW DEFENDANT, by and through his undersigned counsel, who hereby moves this Honorable Court *in limine* for an Order prohibiting Plaintiff from introducing any evidence pertaining to future medical treatment.

Plaintiff, in his Rule 26(A)(2) Expert Witness Disclosures, filed to identify an economist or any other expert capable of performing the required calculation to reduced future damages sought to their corresponding present-day value.

In *Grimsley v. Atlantic Coast Line R. Co.*, the Court held that when a party is seeking "prospective damages … they must be reduced to their present cash value" 189 S.C. 251, 1 S.E.2d 157, 158 (1939). Defendant concedes that the Court analyzed this from the perspective of an action brought specifically under the Federal Employer's Liability Act. However, there have since been cases addressing this principle in other tort cases. I both *Ray v. Lesniak*, 294 F.Supp.3d 466 (D.S.C. 2018) and *Gehlkan v. McAllister Towing & Transp. Co.*, 2007 WL 2332487, both plaintiffs sought compensation related to future medical costs that were likely to be incurred. In *Lesniak*, the defendant specifically challenged the necessity for introducing "expert testimony to explain the concept of discounting an award of present value or to supply suggested discount and inflation rates

and/or mathematical calculations." *Id.* While the Court noted there is a split amongst courts on the issue Defendant contends that applicable South Carolina law renders this a necessity for introduction and recovery of damages related to future medical treatment and resulting claimed charges.

The rationale behind reducing future damages to present value is because a plaintiff who is awarded such damages today can invest those funds and earn a return over time before needing to utilize same for the treatment contemplated. This would result in the plaintiff receiving a windfall benefit. This principle is contemplated by Restatement (Second) of Torts §913A (1979), which states "[t]he measure of a lump-sum award for future pecuniary losses arising from a tort is the present worth of the full amount of the loss of what would have been received at a later time." Similarly, 2 American Law of Torts § 8:15, contemplates the necessity of reducing to present worth future losses. "Actual damages are properly called compensatory damages, meaning to compensate, to make the injured party whole, to put him in the same position he was in prior to the damages received insofar as this is monetarily possible." *Mellen v. Lane*, 377 S.C. 261, 287, 659 S.E.2d 236, 250 (Ct.App. 2008); (*See Clark v. Cantrell*, 339 S.C. 369, 378, 529 S.E.2d 528, 533 (2000). Failing to cause future medicals to present-day value runs afoul of this principle as the injured party would be put in a position superior, financially, to the same position he was in prior to the damages received.

The comments contained in Restatement (Second) of Torts § 913A (1979) detail and establish the specific reason Plaintiff is required given the complexity of the calculations necessary to reduce future damages to present-day value in that they address the manner in which the value is to be reduced through use of present-worth tables.

Thereafter, it is noted this calculation comes with uncertainty as the reduction generally does not account for the "likelihood of inflation for the future." Inflation would have an effect of decreasing the value of that dollar awarded, which results in a "countervailing effect to that of discounting for present worth." *Id.* While Restatement (Second) of Torts § 913A has not been explicitly adopted in South Carolina many cases have applied present value calculations to future medical damages.

Plaintiff, in the instant case is seeking future medical damages, thereby rendering that issue a material fact and one requiring necessary evidence to support same. However, reduction of such damages to present-day value is not within the common knowledge base of an ordinary juror. In *Watson v. Ford Motor Co.*, the Court held that where a "subject matter is beyond the ordinary knowledge of the jury, … an expert [is required] to explain the matter to the jury." 389 S.C. 434, 446, 699 S.E.2d 169, 175 (2010); (*See State v. Douglas*, 380 S.C. 499, 671 S.E.2d 606 (2009). As Plaintiff has not identified any expert witness capable of explaining this matter to the jury no such evidence thereof should be permitted to be presented to the jury.

RESPECTFULLY SUBMITTED,

*s/Matthew C. LaFave*

Matthew C. LaFave, Fed. ID No. 10317
LAFAVE BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
803.724.5727 (office)
803.790.8841 (fax)

***ATTORNEY FOR DEFENDANT***

This 31st day of August 2026
Columbia, South Carolina