**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Joshua Schrage,<br><br>*Plaintiff,*<br><br>*-vs-*<br><br>Hristos V Kaltsas,<br><br>*Defendant.* | C/A No.: 2:24-cv-04382-RMG<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* REGARDING FUTURE DAMAGES** |

Plaintiff Joshua Schrage, by and through undersigned counsel, hereby responds to Defendant's Motion *In Limine* Regarding Future Damages.[1] In response, Plaintiff states the following:

**LEGAL STANDARD**

Future medical expenses may be presented to a jury if a physician testifies that the plaintiff is at risk and has a possibility of needing certain medical treatment in the future as a result of an accident. *Martin v. Mobley*, 253 S.C. 103, 109, 169 S.E.2d 278, 281 (1969). Even if the chance of future medical expenses occurring is small and difficult to estimate, the plaintiff still has the right to have the jury determine whether any award for future medical expenses should be made, and if so, what amount. *Kelly v. Brazell*, 253 S.C. 564, 568, 172 S.E.2d 304, 306 (1970). "Future damages in personal injury cases need not be proved to a mathematical certainty. Oftentimes a verdict involving future damages must be approximated. A wide latitude is allowed the jury." *Haltiwanger v. Barr*, 258 S.C. 27, 32–33, 186 S.E.2d 819, 821 (1972). The standard of admissibility for evidence

[1] All previously enrolled counsel of record as listed in Plaintiff's Pre-Trial Brief have been in trial in Colleton County since August 31, 2026. Lead counsel requested assistance from the undersigned in responding to the motion by the shortened deadline.

of future damages is any evidence which tends to establish the nature, character, and extent of injuries which are the natural and proximate consequences of the defendant's acts, if otherwise competent. *Holroyd v. Requa*, 361 S.C. 43, 603 S.E.2d 417 (Ct. App. 2004).

## ANALYSIS

### 1. Defendant's Motion *in Limine* is Procedurally Deficient.

Defendant seeks the extraordinary remedy of foreclosing Plaintiff's ability to seek future medical expenses from the jury in the trial of this case. While the motion is styled as a Motion *in Limine,* the remedy sought is an "Order prohibiting Plaintiff from introducing any evidence pertaining to future medical treatment." Def.'s Mot. in Limine to Exclude Evid. of Fut. Med. Treatment, P. 1, Dkt. 56. Practically, the Defendant seeks summary judgment as to the issue of future medical expenses well after the July 9, 2026, deadline for dispositive motions. The basis of Defendant's motion is not that any particular evidence or testimony is inadmissible on its face, but rather that Plaintiff lacks evidence which is required to establish his claims. Thus, the Court should deny Defendant's Motion as an untimely motion for partial summary judgment without addressing the merits.

### 2. Defendant's Motion *in Limine* reads into the law an expert testimony requirement which does not exist.

Even if the Court reaches the merits, the Court should deny Defendant's motion. The motion rests on two separate assertions which are not firmly supported by South Carolina law. First, Defendant relies on an alleged requirement that future medical expenses must be reduced to present value *before* being presented to the jury. No opinion from any appellate court in South Carolina has ever held that future medical expenses must be reduced to present value prior to their presentation to the jury in a state law negligence claim.

Defendant requests exclusion of evidence and a jury charge regarding reduction to present value based upon *Grimsley v. Atl. Coast Line R. Co*., 189 S.C. 251, 1 S.E.2d 157, 161 (1939); *see also Youngblood v. S. Ry. Co.*, 152 S.C. 265, 149 S.E. 742, 745 (1929). This reliance is misplaced. Both *Grimsley* and *Youngblood* discussed the federal case law requiring the trial court to instruct the jury regarding reduction to present value in FELA actions, but neither case addressed the admissibility of future medical expense evidence in an ordinary South Carolina negligence action. State law negligence claims are unaffected by the holdings of these cases. Finally, both cases are entirely silent on the admission of evidence in nominal cost terms. Thus, Defendant has provided no authority requiring exclusion of the evidence he seeks to exclude.

Neither the failure to charge present value to the jury, nor the admission of the nominal cost of alleged future medical expenses has ever resulted in a reported opinion with a finding of error on behalf of a South Carolina trial court in a state law negligence action. As the law stands in South Carolina, the application of present value in state law negligence claims is a mirage. Many report seeing it, but none can put their hands on it.

Next, Defendant argues that expert testimony from an economist or other expert is required because reduction to present-day value is not within the ordinary knowledge of the jury. This argument was expressly rejected in *Ray v. Lesniak*, 294 F. Supp. 3d 466, 485 (D.S.C. 2018). In *Ray,* the court was acting as both the finder of fact and law in an admiralty personal injury action pursuant to Fed. R. Civ. P. 9(h) and 38(e). *Id.* at 470. When deciding to reduce the future medical expenses to present value, the court in *Ray* did not cite any principle of South Carolina law but rather cited federal case law stating that expert opinion was permissible yet not clearly required under North Carolina state law. *Id.* at 485 n. 3. Based upon this, the court rejected the need for expert testimony and awarded future medical expenses reduced to present value based not upon

evidence presented by the plaintiff but based on the court's discretion as the finder of fact. *Id.* at 485 nn. 3-5 (utilizing the court's own interest rates, inflation rates, and formula to calculate present value). Thus, just as the court in *Ray* rejected the need for expert testimony based on the absence of any law requiring such, this Court should reject the need for expert testimony in this case.

Nor does *Watson v. Ford Motor Co*., 389 S.C. 434, 699 S.E.2d 169 (2010), support exclusion. Present value is not a complex scientific or technical matter comparable to the expert testimony at issue in *Watson*. Present value is instead a matter of arithmetic, something which courts routinely entrust juries to do. This is evidenced by the charging of the statutory life expectancy table. Juries are trusted in any case where evidence exists for permanent injury to work out what the future cost of the harms over the statutory life expectancy will be. More importantly, Defendant cites no authority applying *Watson* to require economist testimony as a prerequisite to recovery of future medical expenses in a personal injury action. Had South Carolina intended to impose such a requirement, one would expect decades of personal injury cases involving future damages to reflect that rule. They do not.

## CONCLUSION

Ultimately, Defendant belatedly asks this Court to adopt a novel rule that has not been recognized by any South Carolina appellate court which would eliminate Plaintiff's claim to future medical expenses in its entirety. South Carolina law permits future medical expenses to be submitted to the jury upon competent evidence that future treatment may be required. Questions concerning discounting to present value go to the measure of damages, not admissibility. Because Defendant has identified no authority requiring exclusion of future medical treatment evidence absent economist testimony, the motion should be denied.

[Signature on Following Page]

**MORGAN & MORGAN P.A.**

*/s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5438
cooper.klaasmeyer@forthepeople.com
teamck@forthepeople.com
**Attorneys for the Plaintiff**

September 2, 2026

North Charleston, South Carolina